**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| MICHAEL R. SCHLATTMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 C 7847 |
| | ) | |
| UNITED OF OMAHA LIFE INSURANCE COMPANY, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Michael R. Schlattman filed this lawsuit under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking payment of long-term disability ("LTD") benefits pursuant to a group policy (the "Policy") underwritten and administered by Defendant United of Omaha Life Insurance Company. Schlattman contends that Defendant has disregarded the substantial medical evidence he has provided to demonstrate the nature and extent of his disability and his entitlement to LTD benefits under the Policy. Presently before us is Defendant's motion, asking that we articulate the standard of review that will be used in litigating this matter. Because the standard of review will dictate how this matter proceeds, including the scope of discovery, we address this threshold issue. As set forth below, we conclude that Schlattman is entitled to *de novo* review of his claim for LTD benefits under the Policy.

**BACKGROUND**

As the Supreme Court held in *Firestone Tire and Rubber Company v. Bruch*, a claim for denial of benefits under an ERISA plan is subject to *de novo* review by the court "unless the

benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." 489 U.S. 101, 115, 109 S. Ct. 948, 956–57 (1989). If the benefit plan reserves such discretionary authority, a claim for benefits will be reviewed under the more deferential arbitrary and capricious standard. *Id.*; *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 810 (7th Cir. 2006). The parties do not dispute that Illinois law governs the Policy, and that the Policy includes language that purports to give Defendant final, discretionary authority to construe and interpret the Policy, including all questions of eligibility. Plaintiff further acknowledges that this language "would ordinarily be deemed sufficient to trigger a deferential standard of review." (Opp'n at 2.)

Plaintiff contends, however, that Section 2001.3 of Title 50 of the Illinois Administrative Code negates the grant of discretion to Defendant. Section 2001.3, adopted by the Illinois Department of Insurance Director ("Director") in 2005, provides that:

> No policy, contract, certificate, endorsement, rider application or agreement offered or issued in this State, by a health carrier, to provide, deliver, arrange for, pay for or reimburse any of the costs of health care services or of a disability may contain a provision purporting to reserve discretion to the health carrier to interpret the terms of the contract, or to provide standards of interpretation or review that are inconsistent with the laws of this State.

50 Ill. Admin. Code § 2001.3. The Director promulgated Section 2001.3 pursuant to 215 ILCS 5/143(1), which requires the Director to withhold approval of any insurance policy that "contains provisions which encourage misrepresentation or are unjust, unfair, inequitable, ambiguous, misleading, inconsistent, deceptive, contrary to law or to the public policy of this State, or contains exceptions and conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy." 215 ILCS 5/143(1). The Director also cited 215 ILCS 5/401 as authority for his decision to void discretionary clauses contained in insurance

policies. *See* 29 Ill. Reg. 10172 (July 15, 2005) (Notice of Adopted Amendments). That statute cloaks the Director with power "to make reasonable rules and regulations as may be necessary for making effective such laws." 215 ILCS 5/401(a). Plaintiff claims that Section 2001.3 voids the discretionary language in the Policy, entitling him to *de novo* review of his claim for LTD benefits.

Defendant argues that Section 2001.3 is not enforceable because the Director lacked the authority to adopt it. (Mem. at 3–9.) Defendant also contends that Section 2001.3 is preempted by ERISA. (*Id.* at 11–15.) We address the parties' contentions below.

## ANALYSIS

### I. The Director's Authority to Promulgate Section 2001.3

According to Defendant, discretionary clauses do not necessarily create the harms enumerated in 215 ILCS 5/143(1), such as inequity, deception, or inconsistency. In addition, because the Director did not expressly state that discretionary provisions give rise to such conditions, 215 ILCS 5/143(1) does not provide statutory authority for the Director to ban discretionary clauses. Defendant further contends that, even if a discretionary provision did so, the Director lacked the authority to categorically void all discretionary provisions, including the clause contained in the Policy. (Mem. at 3–8.)

We first turn to Defendant's claim that not all discretionary provisions are created equal. Defendant seeks to draw a distinction between discretionary clauses that might run afoul of 215 ILCS 5/143(1) and those that do not threaten the public with any form of unfairness—including the unambiguous grant of discretion contained in the Policy. (Mem. at 5–8.) Some clauses, says Defendant, are unfair or unreasonable but others are not. (*Id.* at 7–8; Reply at 8–10.) Citing to

*Allied American Insurance Company v. Washburn*, Defendant claims that the Director thus lacked authority to ban *all* discretionary provisions. 159 Ill. App. 3d 1035, 1037–40, 513 N.E.2d 50, 52–54 (5th Dist. 1987) (holding that the Director cannot "outlaw a particular kind of insurance coverage"). In *Allied American*, car insurance companies challenged the Director's institution of a ban on physical damages policies that limited recovery pursuant to a set depreciation schedule. The appellate court struck the ban because some rates of depreciation might be unconscionable while others may not. *Id.* at 1039–40, 513 N.E.2d at 53–54. As such, the Director's duty was to determine the fairness and reasonableness of the various types of depreciation formulas. *Id.* The appellate court further stated that the inclusion of depreciation formulas did not favor the insurer or the insured, offering benefits to both, and that the advantages and disadvantages to each contracting party could be negotiated and balanced in the marketplace. *Id.*

We agree with Plaintiff, however, that the holding of *Allied American* is inapplicable here. The court in *Allied American* could envision distinctions between different depreciation formulas, of which there could be many, but we find no such distinction to be drawn among the discretionary provisions at issue here. The language in a given policy either legally suffices to grant the administrator discretion, or it does not.[1] As a result, the language either entitles the

---

[1] *Herzberger v. Standard Insurance Company* guides the analysis of whether the language in a discretionary clause provides adequate notice to consumers so as to confer discretion, resulting in the shift of the standard of judicial review. 205 F.3d 327 (7th Cir. 2000). Defendant cites *Herzberger* as support for its claim that its discretionary clause is unambiguous and thus could not give rise to the public harms identified in 215 ILCS 5/143(1). (Mem. at 8; Reply at 7–10.) Defendant's reliance on *Herzberger* for this proposition is misplaced. We are not evaluating whether the discretionary clause in the Policy is clear and otherwise legally sufficient to grant discretion. Indeed, Plaintiff concedes that it is. (Opp'n at 2.) The question here is whether the change in the standard of judicial review necessarily and intentionally caused

administrator's decisions to deferential review, or it does not. Defendant has not offered any legal authority or practical example describing how one grant of discretion could effectively differ from another. The eventual *exercise* of that discretion by an administrator in a particular circumstance may be less fair or more fair. But neither the grant of discretion itself, nor the resultant shift in the standard of review, contain shades of gray. Accordingly, if the Director had the authority to void the grant of discretion, that ban logically would apply across the board.[2]

Whether the Director had that authority is, of course, the heart of the matter. As Defendant points out, the Director's authority to enact regulations "is defined and limited by the enabling statute." *Julie Q. v. DCFS*, 963 N.E. 2d 401, 410, 357 Ill. Dec. 448, 457 (2nd Dist. 2011); *Alvarado v. Indus. Comm'n*, 216 Ill.2d 547, 553, 837 N.E.2d 909, 914 (Ill. 2005); *Minifee v. Doherty*, 333 Ill. App. 3d 1086, 1088, 777 N.E.2d 510, 512 (1st Dist. 2002). If an administrative agency acts outside the specific grant of authority from the legislature, its decision is void. *Alvarado*, 216 Ill.2d at 554, 837 N.E.2d at 914; *Business and Prof. People for Pub. Interest v. Ill. Commerce Comm'n*, 136 Ill.2d 192, 243, 555 N.E.2d 693, 716–17 (Ill. 1989). Nonetheless, an agency "is given wide latitude and discretion to adopt regulations that are reasonably necessary to performs its statutory duties." *Julie Q.*, 963 N.E. 2d at 411, 357 Ill. Dec.

---

by discretionary clauses gives rise to harms the Director is authorized to eliminate. *Herzberger* has no bearing on this issue.

[2] For the same reason, we reject Defendant's argument that Section 2001.3 attempts to outlaw a *kind* of insurance policy, which the Director may not do under *Allied American*, rather than a *provision* within a policy, which he may do per his statutory authority. (*See* Mem. at 9–10.) *See also Zuckerman v. United of Omaha Life Ins. Co.*, No. 09 C 4819, 2012 WL 3903780, at *4 (N.D. Ill. Sept. 6, 2012) (finding that *Allied American* was inapposite because the Director did not prohibit a *type* of insurance through Section 2001.3). If Defendant's argument held water, the Director would be stripped of his ability to regulate particular insurance policy provisions altogether, despite his mandate to do so.

at 458; *Lake County Bd. of Review v. Property Tax Appeal Bd. of State of Ill.*, 119 Ill.2d 419, 427–28, 519 N.E.2d 459, 463 (Ill. 1988). As such, "[t]his court has a duty to affirm the . . . validity of administrative regulations if it can be reasonably done." *Granite City Div. of Nat'l Steel Co. v. Ill. Pollution Control Bd.*, 155 Ill.2d 149, 164–65, 613 N.E.2d 719, 726 (Ill. 1993) (explaining further that "any doubts will be resolved in favor of the validity of the law or rule challenged"); *People v. Molnar*, 222 Ill.2d 495, 508–09, 857 N.E.2d 209, 217 (Ill. 2006); *Minifee*, 333 Ill. App. 3d at 1088, 777 N.E.2d at 512. The party challenging an administrative regulation bears the burden of showing it is invalid. *Molnar*, 222 Ill.2d at 508, 857 N.E.2d at 217; *Julie Q.*, 963 N.E. 2d at 411, 357 Ill. Dec. at 458.

Here, the parties agree that the Director promulgated Section 2001.3 to comply with his duty under 215 ILCS 5/143(1). That statute requires the Director to withhold approval of policies that contain "provisions which encourage misrepresentation or are unjust, unfair, inequitable, ambiguous, misleading, inconsistent, deceptive, contrary to law or to the public policy of this State, or contains exceptions and conditions that unreasonably or deceptively affect the risk purported to be assumed in the general coverage of the policy." 215 ILCS 5/143(1). Defendant essentially contends that the Director acted outside the scope of his authority because he failed to draw a causal connection between discretionary clauses and these enumerated harms. (Mem. at 4–5.)

In the Notice of Adopted Amendments ("Notice") issued about Section 2001.3, the Director stated:

> In particular, the amendments prohibit all such policies from containing language reserving the sole discretion to interpret policy provisions with the insurer. The legal effect of discretionary clauses is to change the standard of review for judicial review of benefit determinations from one of reasonableness to arbitrary and capricious. By

> prohibiting such clauses, the amendments aid the consumer by ensuring that benefit
> determinations are made under the reasonableness standard.

29 Ill. Reg. 10172 (July 15, 2005). According to Defendant, the Director lacked the power to ban discretionary provisions because he cannot and did not explain how they give rise to any particular harms. Instead, the Director's purpose was to "give consumers a leg up in ERISA claims litigation," a goal that does not further the purposes of 215 ILCS 5/143(1). (Mem. at 5.) We disagree.

As evidenced by the Notice, and implicit in his targeting of all discretionary clauses, the Director apparently concluded that the grant of sole discretion to interpret policies—due to the resultant shift in the standard of review—was unfair, inequitable, and/or in contravention of the public policy of the State of Illinois, which seeks to protect insurance consumers. *See Hoylake Investments Ltd. v. Washburn*, 723 F. Supp. 42, 46 (N.D. Ill. 1989) (finding that the insurance code is "geared toward protecting policyholders from unscrupulous or inexperienced management"); *McRaith v. BDO Seidman LLP*, 391 Ill. App. 3d 565, 587–88, 909 N.E.2d 310, 329–31 (1st Dist. 2009) (describing the importance of the insurance industry and regulations); *Coronet Ins. Co. v. Washburn*, 201 Ill. App. 3d 633, 638–39, 558 N.Ed.2d 1307, 1310–11 (1st Dist. 1990) (stating that Illinois has a strong public policy of regulating "the business of insurance because it affects the public interest"). While the Director certainly could have set forth his rationale more explicitly in the Notice, no great inferential leap is necessary to reach this conclusion. Indeed, courts in this district have previously found that Section 2001.3 effectuates Illinois public policy. *Zaccone v. Standard Life Ins. Co.*, No. 10 C 33, 2013 WL 1849515, at *2, 12 (N.D. Ill. May 1, 2013) (noting that "Illinois has determined that discretionary clauses are against public policy"); *Zuckerman*, 2012 WL 3903780, at *5-6; *Curtis*

*v. Hartford Life & Accident Ins. Co.*, No. 11 C 2448, 2012 WL 138608, at *2, 9 (N.D. Ill. Jan. 18, 2012) (concluding that Delaware law, which allowed discretionary clauses, was contrary to Section 2001.3 "and the public policy of Illinois").

As the *Zuckerman* court explained, Section 2001.3 "was promulgated to 'aid consumers' by prohibiting a provision in insurance policies which undeniably gives insurers an advantage when litigating ERISA claims for denial of benefits." *Zuckerman*, 2012 WL 3903780, at *5. Rather than giving consumers a leg up, as Defendant contends, Section 2001.3 simply ensures equity, should the parties find themselves in court. *Id.* (noting that Section 2001.3 levels the playing field "even before a claim makes it to federal court" by requiring use of the default *de novo* standard); *see also Standard Ins. Co. v. Morrison*, 584 F.3d 837, 848 (9th Cir. 2009) (noting that "ensuring a level playing field for claims is at the heart of the state's power to regulate insurance"). It eliminates the conflict of interest that, as here, "will *always* be present whenever an insurer has discretionary authority under its own policy." *Zuckerman*, 2012 WL 3903780, at *6 (citing *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108, 128 S. Ct. 2343, 2346 (2008) (holding that the dual role of both determining eligibility and paying benefits "creates a conflict of interest," which should be considered when analyzing a plan administrator's exercise of its discretion)). Section 2001.3 also provides notice to insurers and administrators—unscrupulous, inexperienced, or otherwise—that courts may be reviewing the reasonableness of their determinations, encouraging thorough, fair, and consistent evaluation of all consumer benefits claims. *See Morrison*, 584 F.3d at 845 (commenting that "consumers can be reasonably sure of claim acceptance only when an improperly balking insurer can be called to answer"). Section 2001.3 thus shields the public from several of the harms identified in 215

ILCS 5/143(1) and, moreover, furthers Illinois' stated public policy of protecting insurance consumers.

Accordingly, we conclude that the Director did not exceed his authority under 215 ILCS 5/143(1) and 215 ILCS 5/401 when he exercised his discretion to adopt Section 2001.3. Plaintiff is therefore entitled to *de novo* review of his claim for benefits, unless, as Defendant contends, ERISA preempts Section 2001.3.

## II.     ERISA Preemption

We turn to briefly address Defendant's claim that ERISA preempts Section 2001.3. Defendant contends that Section 2001.3 is preempted by ERISA because it does not fall under ERISA's "saving clause," which, generally speaking, leaves state insurance regulations untouched. (Mem. at 11–15.) *See* 29 U.S.C. § 1144(b)(2)(A); *Kentucky Ass'n of Health Plans, Inc. v. Miller*, 538 U.S. 329, 334, 341–42, 123 S. Ct. 1471, 1475, 1479 (2003).

This precise argument has been vetted and rejected by two circuit courts of appeal (considering similar regulations) and no less than seven judges within the Northern District of Illinois (considering Section 2001.3 specifically). *Morrison*, 584 F.3d at 841–45; *Am. Council of Life Insurers*, 558 F.3d 600, 604–07 (6th Cir. 2009); *Zaccone*, 2013 WL 1849515, at *3–5 (Cole, Mag. J.); *Borich v. Life Ins. Co. of N. Am.*, No. 12 C 374, 2013 WL 1788478, at *3–4 (N.D. Ill. Apr. 25, 2013) (Tharp, J.); *Difatta v. Baxter Int'l, Inc.*, No. 12 C 5023, 2013 WL 157952, at *3 (N.D. Ill. Jan. 15, 2013) (Feinerman, J.); *Ehas v. Life Ins. Co. of N. Am.*, No. 12 C 3537, 2012 WL 5989215, at *7–10 (N.D. Ill. Nov. 29, 2012) (St. Eve, J.); *Zuckerman*, 2012 WL 3903780, at *6–10 (Tharp, J.); *Barrett v. Life Ins. Co. of N. Am.*, 868 F. Supp. 2d 779, 781 (N.D. Ill. 2012)

(Shadur, J.);[3] *Curtis*, 2012 WL 138608, at *9–10 (Gilbert, Mag. J.); *Ball v. Standard Ins. Co.*, No. 09 C 3668, 2011 WL 759952, at *2–7 (N.D. Ill. Feb. 23, 2011) (Keys, Mag. J.). Although the Seventh Circuit has not yet had an opportunity to weigh in on this issue, the well-reasoned opinions in these cases thoroughly evaluate Defendant's preemption argument and persuasively explain why it fails.

## CONCLUSION

For the reasons set forth above, Defendant's motion is denied. If and when it becomes necessary, we shall conduct a *de novo* review of Plaintiff's claim for LTD benefits under the Policy. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated:     Chicago, Illinois
           June 19, 2013

---

[3] "For this Court to simply recapitulate what those opinions have said and held would be 'to gild refined gold, to paint the lily.'" *Barrett*, 868 F. Supp. 2d at 781 (quoting Shakespeare's King John act 4, sc. 2).